MISHCON DE REYA NEW YORK LLP
John F. Petrsoric, (*Pro Hac Vice*)
Email: john.petrsoric@mishcon.com
750 7th Avenue, 26th Floor
New York, New York10019
Telephone: 212.612.3270
Facsimile: 212.612.3397

NEWPORT TRIAL GROUP
Tyler J. Woods (SBN 232464)
Email: twoods@trialnewport.com
4100 Newport Place, Suite 800
Newport Beach, California 92660
Telephone: 949.706.6464
Facsimile: 949.706.6469

Attorneys for Plaintiff
O.S. SECURITY LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

O.S. SECURITY LLC,

Plaintiff,

vs.

SCHLAGE LOCK COMPANY LLC,

Defendant.

Case No. SACV14-00319 AG (DFMx)

Honorable Andrew J. Guilford

**OS SECURITY'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL EXPERT REPORT RE INFRINGEMENT**

HEARING:
Date: September 14, 2015
Time: 10:00am
Ctrm: 10D

Discovery Cut-Off: July 27, 2015
Pre-Trial Conference: February 1, 2016
Trial Date: February 16, 2016



MISHCON DE REYA NEW YORK LLP

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 14, 2015 at **10:00 a.m**., in Courtroom 10D of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, Plaintiff O.S. Security LLC ("OSS") will and hereby does move the Court pursuant to Local Civil Rule 7-3 ("L.R.") and the Court's Standing Patent Rule 4-3, to grant Plaintiff OSS leave to serve a supplemental expert report regarding infringement.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 24, 2014. The Motion will be based on this Notice, the memorandum by OSS as well as any supporting declarations and exhibits, the files and records in this action, and any further evidence or argument that this Court may properly receive at or before the hearing.

Dated: August 14, 2015

Respectfully submitted,

MISHCON DE REYA NEW YORK LLP

By: *\/s/ John F. Petrsoric*
John F. Petrsoric

NEWPORT TRIAL GROUP
Tyler J. Woods

Attorneys for Plaintiff
O.S. SECURITY LLC

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 3

III. APPLICABLE LAW .......... 5

IV. ARGUMENT .......... 6

A. The Subject Of OSS's Supplemental Expert Report Are Products Which Have Been Accused Of Infringement Since The Early Stages Of This Case. .......... 6

B. OSS Has Diligently Pursued The Production Of Core Technical Documents Necessary For Its Supplemental Expert Report .......... 8

C. Supplemental Expert Reports Will Not Prejudice Schlage As Schlage Will Only Be Required To Do Now What It Would Have Done Earlier .......... 10

V. CONCLUSIONS .......... 11

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Aten Int'l Co. v. Emine Tech. Co.*, No. 09-0843, 2010 U.S. Dist. LEXIS 46226 (C.D. Cal. Apr. 12, 2010)................................. 10

*Mortgage Grader, Inc. v. Costco Wholesale Corp.*, No. 13-0043-AG (ANx) (C.D. Cal., Oct. 27, 2014)............................................ 5

*Orion IP LLC v. Staples, Inc.*, 407 F.Supp.2d 815 (E.D.Tex.2006) ..................................................................... 8

*ParkerVision v. Qualcomm, Inc.*, No. 14-0687 (M.D. Fla. Aug. 11, 2015).............................................................. 7

*Zest IP Holdings, LLC v. Implant Direct Mfg. LLC,* No. 10-0541, 2014 WL 815453 (S.D. Cal. Mar. 3, 2014)........................................................ 6

**Statutes**

Local Rule 72-2 ........................................................................................................ 4

Local Rule 72-2.2 ................................................................................................... 4, 9

S.P.R. Rule 4.3............................................................................................................ 1

Fed. R. Civ. Proc. 16(b)............................................................................................. 5

## I. INTRODUCTION

Approximately three weeks ago, Defendant Schlage finally produced core technical documents which describe the operation and functionality of products which had been accused of infringement in this case since July of 2014. These documents confirmed OSS's contentions that the accused products infringe the patents-in-suit. (Kattamis Decl.,[1]¶ 3). OSS had originally requested these documents in October of 2014, a request which had been the subject of a discovery dispute since April of this year. Schlage's strategy of constant obstruction succeeded in delaying the production of these documents until the final week of fact discovery. As a result, Plaintiff OSS was forced to submit both final infringement contentions and expert reports without these core technical documents in hand. Until this recent production, Schlage's production has been limited to the CO-200 product.[2] Consequently, the parties' expert reports addressed only that product. As OSS has finally obtained documents which should have been produced several months ago, OSS now moves this Court to serve a supplemental infringement expert report pursuant to Judge Guilford's Standing Patent Rule 4.3, addressing certain remaining accused products. Specifically, OSS intends to address the remaining products in the CO series of locks the products in the AD series of locks. (Kattamis Decl., ¶ 3).

OSS has good cause to serve a supplemental expert report addressing the core technical documents recently produced by Schlage as it would have been impossible to supplement its infringement report prior to Schlage's production of

[1] Kattamis Decl. refers to *Declaration of Dr. Alex Kattamis In Support of Plaintiff's Motion For Leave To Serve A Supplemental Expert Report Re* Infringement.

[2] Although Schlage produced documents regarding the remaining accused products, they continue to refuse to provide source code for those products despite source code being called for by OSS's Request No. 3, which this Court ordered Schlage to respond to. Schlage has also refused to provide a witness on these products in response to OSS's 30(b)(6) deposition notice.

the core technical documents. Schlage will not be prejudiced in any manner by OSS's supplemental expert report. If Schlage had timely produced the documents that OSS had requested in October of 2014, OSS's expert report would have addressed those documents in its initial expert report. Schlage would have then responded to OSS's report in due course. Thus, responding to OSS's supplemental expert will only require Schlage to do what it would have done earlier if Schlage had not belatedly produced core technical discovery in this case.

Of utmost importance is that OSS's supplemental expert report will accuse no new products and advance no new theories of infringement. The report will simply identify specific evidence, based on Schlage's recently produced documents, which demonstrate how the accused products infringe the patents-in-suit under the theories laid out in OSS's preliminary infringement contentions. (Kattamis Decl., ¶ 4).

OSS does not believe its infringement contentions require supplementation as both the preliminary and final contentions list all of the accused products and lay out all of the theories of infringement being asserted by OSS. If the Court, however, feels supplementation of the infringement contentions would be the proper vehicle to identify the specific evidence of infringement, OSS is not opposed to supplementing its contentions. The end result will be the same as the whether the infringement contentions or expert reports are supplemented, OSS will simply identify additional evidence supporting its theories of infringement laid out in its preliminary infringement contentions.

## II. FACTUAL BACKGROUND

Although OSS's previous papers[3] have identified events and dates key to this motion, OSS summarizes those facts for the convenience of the Court. On March 3, 2014, Plaintiff O.S. Security LLC ("OSS") initiated the present action against Defendant Schlage Lock Company LLC ("Schlage") after discovering that Schlage's electronic locks infringe seven of its patents. Pursuant to the Court's Standing Patent Rules ("S.P.R.") 2.1.3, OSS provided Defendants' counsel OSS's Preliminary Infringement Contentions ("PICs") on July 11, 2014. The PICs included a main document, which in turn referred to seven attached charts mapping the accused products to each of the patents-in-suit. *See*, *generally*, Petrsoric Decl.[4], Ex. C, Preliminary Infringement Contentions and Exhibits Schlage001-Schlage007. In the attached charts, for each patent-in-suit, OSS identified the specific accused products believed to be infringing and stated the basis for its belief that each product infringed. *See*, *generally*, Petrsoric Decl., Ex. C, Preliminary Infringement Contentions at Exhibits Schlage001-Schlage007, p. 1. In particular, OSS's PICs identified the CO-Series of products, the AD series of products, the FE series of products and Nexia compatible locks with specific reference to the model numbers alleged to be infringing. *Id.* at Exhibit Schlage001, p. 1, Schlage002, p. 1, Schlage003, p. 1, Schlage004, p. 1, Schlage005, p. 1, Schlage006, p. 1, and Schlage007, p. 1.

On October 14, 2014, OSS served its First Set of Requests for Production of Documents ("RFPs"). *See* Petrsoric Decl., Ex. A, OSS First Set of Document Requests. OSS defined the term "Electronic Access Control Device" by specific reference to each of the accused devices identified in its S.P.R. 2.5 disclosures and

---

[3] See generally Joint Stipulation re Plaintiff's Motion to Compel Production of Documents, D.I. 82; OS Security's Opposition to Schlage's Objections to Judge McCormick's Order, D.I. 110.

[4] Petrsoric Decl. refers to D.I. 83, *Declaration of John F. Petrsoric In Support of Plaintiff's Motion To Compel Production of Documents* and the exhibits.

further expressly referenced the specific aspects and elements of the accused devices in its definition. *Id.* at 8 (¶21). On January 5, 2015, Schlage served its objections and responses to OSS's RFPs. Petrsoric Decl., Ex. B, Schlage Responses and Objections to OSS First Set of Document Requests. In its general objections and responses, Schlage indicated that it would produce documents "only in connection with the model identified as being at issue in OSS's Disclosure of Asserted Claims and Infringement Contentions under S.P.R. 2, i.e., the CO-200 series lock." *Id.* at 2-3 (¶3). The statement that OSS's infringement contentions only identified the CO-200 series lock as being at issue is plainly false. Based upon its factually inaccurate general objection, in response to Document Request Nos. 3, 7-19, 32-34, and 37 Schlage refused to produce documents regarding the vast majority of accused products and, instead, only agreed to produce documents related to the CO-200 lock. *Id.*

On April 20, 2015, pursuant to OSS's request for a meet and confer (Petrsoric Decl., Ex. D, April 10, 2015 Letter), the parties' met and conferred regarding Schlage's refusal to produce documents regarding the majority of accused products. On May 12, 2015, after Schlage continued to refuse to produce documents, OSS moved to compel Schlage to produce documents regarding each accused products identified in its infringement contentions.

On June 5, 2015, Judge McCormick ordered Schlage to produce the requested responsive technical documents by June 19, 2015. On June 19, 2015, the day its Court ordered production was due, Schlage produced no documents. Instead, on that date, Schlage filed its objections to the Magistrate's order with this Court. The June 19 production deadline passed without the Court issuing a stay or

Schlage producing a single document, placing Schlage in violation of Local Rule 72-2.[5]

On July 20 Judge Guilford held a hearing and affirmed Judge McCormick's Order for Schlage to produce technical documents regarding the accused products. On July 22 and 23, Schlage produced these documents. With four days remaining in fact discovery, OSS requested that Schlage agree to suspend depositions until the documents could be examined and OSS could determine whether to pursue claims on infringement against these products. Schlage refused. (Gupta Decl.[6], Ex A, July 24 Email from Jeff Barron). OSS then acknowledged that Schlage disputed whether the accused products for which they had been ordered to produce technical documents were indeed part of the case, and suggested the parties jointly submit a motion to this Court to obtain a final ruling on the issue. Again, Schlage refused. (Gupta Decl., Ex B, July 24 Email from John Petrsoric). Finally, OSS suggested that discovery be suspended until OSS could file a Motion to Supplement Expert Reports in accordance with the local rules. Once again, Schlage refused. (Gupta Decl., Ex A,). Instead, Schlage insisted on proceeding with expert depositions during the final days of fact discovery and refused to provide any remaining discovery, now that fact discovery was closing. (Gupta Decl., Ex C, July 22 Email from Jeff Barron).

## III. APPLICABLE LAW

Judge Guilford's Standing Patent Rules require that supplemental expert reports require obtaining "prior leave of court upon a showing of good cause that

---

[5] Although the Court declined to sanction Schlage, Judge Guilford agreed with OSS that under Local Rule 72-2.2, Schlage had indeed disregarded a Court order. Judge Guilford's June 26, 2015 Order, D.I. 109 at 3.

[6] Gupta Decl. refers to *Declaration of Sachin K. Gupta In Support of Plaintiff's Motion For Leave to Serve a Supplemental Expert Report Re Infringement* and exhibits.

the amendment or supplementation could not reasonably have been made earlier and that the opposing party is not unfairly prejudiced." S.P.R. 4.3. The "good cause" standard under the Federal Rules of Civil Procedure primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (interpreting the good cause standard of Rule 16(b). Similarly, "[t]he 'good cause' requirement under S.P.R. 4.2 for amendment requires a showing of diligence. *Mortgage Grader, Inc. v. Costco Wholesale Corp.*, No. 13-0043-AG (ANx), slip op. at 3 (C.D. Cal., Oct. 27, 2014).

## IV. <u>ARGUMENT</u>

### A. The Subject Of OSS's Supplemental Expert Report Are Products Which Have Been Accused Of Infringement Since The Early Stages Of This Case.

The accused products which are the subject of the supplemental expert report OSS seeks to serve were all listed in OSS's preliminary infringement contentions, served on Schlage on July 11, 2014. Schlage has claimed and no doubt will continue to claim that OSS is accusing these products of infringement for the first time. However, this assertion is exposed as blatantly false by simply examining OSS's preliminary infringement contentions, which list all of the accused products in question. Judge McCormick recognized as much during the hearing regarding OSS's motion to compel. "I don't think it's accurate to say that this issue wasn't out there because it has been out there." (Gupta Decl., Ex. D, June 2 hearing transcript before Magistrate Judge McCormick). Indeed, Schlage has consistently attempted to obfuscate this fact by repeatedly referring to these products as "new products" or products that OSS is "accusing on infringement for the first time." (*Id.*). This is simply not the case and Schlage's persistent mischaracterization of the accused products as "new" does not change their true

nature. *See Zest IP Holdings, LLC v. Implant Direct Mfg. LLC, No. 10-cv0541, 2014 WL 815453, at *2* (S.D. Cal. Mar. 3, 2014).

In fact, Schlage acknowledges the Accused Products were indeed listed in OSS's preliminary infringement contentions. (D.I. 82 at 19). However, Schlage reasons that because Schlage felt OSS's infringement contentions beyond the CO-200 product were not sufficient, the remaining products were somehow no longer accused. This reasoning is based on a faulty understanding of the law and of the purpose of infringement contentions. "The purpose of infringement contentions is to provide the defendant with notice of the plaintiff's theories of infringement beyond what is disclosed in the complaint." STMicroelectronics, Inc. v. Motorola, Inc., 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004). OSS did precisely this, as it laid out element by element, how it believes the accused products infringe the patents-in-suit based on an analysis of the CO-200 product. *See ParkerVision v. Qualcomm, Inc.*, No. 14-0687, slip op. at 5-6 (M.D. Fla. Aug. 11, 2015) (finding that infringement contentions mapping Qualcomm products were sufficient to put Defendant on notice of the same theory of infringement for similar non-Qualcomm products). Furthemore, as OSS has explained in its previous motion to compel for the Court, not only did Schlage never once move to strike OSS's preliminary or final infringement contentions, Schlage rebuffed OSS's attempts to work with Schlage to determine what additional notice it felt it required regarding OSS's infringement theories. (Petrsoric Decl., Ex. F).

In *Fenner Investments, Ltd., v. Hewlett–Packard Co.*, plaintiff accused defendant's Blade servers of infringement. Plaintiff's infringement contentions stated these servers used tools such as Windows Server 2003 and mapped the claims to the use of Windows 2003. No. 08–0273, 2010 WL 786606, at *3 (E.D.Tex. Feb. 26, 2010). The court rejected defendant's claims that the scope of infringement was limited to Windows Server 2003 as the contentions placed defendant on notice regarding plaintiff's theory of infringement regardless of

which tool was used. "If Defendants were unclear as to the scope of the contentions, it was their responsibility to work with Plaintiff, informally or through motion practice, to clarify the issue." *Id*; *see also Verinata Health, Inc. v. Sequenom*, Inc., 2014 U.S. Dist. LEXIS 116382 (N.D. Cal., Aug. 20, 2014) (quoting *Fenner Investments*). In this case, OSS's contentions were even clearer as they ***explicitly*** listed each accused product in the preliminary infringement contentions.

Like the defendant in *Fenner Investments*, Schlage never filed motions to obtain more detailed contentions and never worked with OSS, even when OSS offered to discuss Schlage's concerns with the contentions. (Petrsoric Decl., Ex. F). "A defendant cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or the infringement contentions." *Orion IP LLC v. Staples, Inc.*, 407 F.Supp.2d 815, 818 (E.D.Tex.2006). Any belated complaints by Schlage regarding OSS's contentions does not render products that were accused in its Preliminary Infringement Contentions somehow "new products". OSS put Schlage on notice of its infringement theories regarding the Accused Products from the early stages of this case and then diligently pursued discovery regarding those documents.

### B. OSS Has Diligently Pursued The Production Of Core Technical Documents Necessary For Its Supplemental Expert Report

Technical documents regarding the products accused of infringement on July 11, 2014 were requested in OSS's first set of requests for production, served on October 27, 2014. In December of 2014, OSS transitioned to new counsel as its previous counsel's practice ceased to operate. Current counsel for OSS first appeared in this case on December 12, 2014. Shortly after, the parties began the claim construction process and submitted their joint claim construction statement

to the Court on January 9, 2015. A few days before that on January 5, 2015, Schlage served its responses to OSS's first set of requests for production.

Once this Court's claim construction order issued on March 16, 2015, OSS was able to determine which claims on which products would remain in the case, OSS resumed seeking the documents Schlage had failed to produce to date. OSS contacted Schlage on April 10 to inquire as to why these documents had not been produced, despite the clarity provided by the Courts claim construction order. (Petrsoric Decl., Ex. D). Once it became clear Schlage was refusing to provide any of the requested discovery, OSS promptly filed a motion to compel, which Judge McCormick recognized as "plainly timely." (D.I. 91 at 2, Order by Magistrate Judge Douglas F. McCormick).

While Schlage did everything it could to delayed the resolution of this dispute and push the production of the requested documents as close to the close of fact discovery as possible, OSS continued to attempt to resolve this discovery dispute as expeditiously as permitted under the local rules. When Schlage ignored the deadline set by Judge McCormick's order and failed to properly seek a stay of that order, directly violating Local Rule 72-2.2, OSS filed an ex parte application informing the Court of this violation and requesting immediate compliance with Judge McCormick's order. Although Judge Guilford agreed that Schlage had indeed violated Judge McCormick's order, he declined to sanction Schlage at that time. Judge Guilford did, however, order that Schlage be prepared to produce the request documents within two days of him issuing his final order.

Schlage's tactful manipulation of local rules which were designed to facilitate cooperation allowed it to impose a delay of nearly three and a half months before OSS was able to obtain the documents it was entitled to receive. In face of these delays by Schlage, OSS consistently diligently pursued the production of these documents and obtained them as soon as the local rules permitted it to do so.

### C. Supplemental Expert Reports Will Not Prejudice Schlage As Schlage Will Only Be Required To Do Now What It Would Have Done Earlier

Schlage will suffer no prejudice by having to respond to an expert report that it would have responded to earlier had it not managed to delay the production of core technical documents for so long. OSS is not introducing any new theories or adding new products to the case. In fact, the hardware design of the products that Dr. Kattamis will further opine on is identical to that of the CO-200. (Kattamis Decl.,¶ 4). Indeed, after reviewing the recently produced technical documents from Schlage, OSS intends to drop certain products that were listed in its infringement contentions from this case.

Additionally, in an effort to preserve the resources of both parties, OSS has carefully avoided prematurely taking expert depositions until the both sides' experts have had an opportunity to opine on the remaining accused products in this case.[7] Consequently, Schlage will not be required to re-depose OSS's expert witness as the deposition has not yet taken place. All that will be required from Schlage following service of OSS's supplemental expert report is what would Schlage would have been required to do in the normal course of defending this case and does not amount to prejudice. *Cf. Aten Int'l Co. v. Emine Tech. Co.*, 2010 U.S. Dist. LEXIS 46226, *15 (C.D. Cal. Apr. 12, 2010) (finding in the context of a motion to amend, that "[defendant's] alleged prejudice amounts to defending a lawsuit, and certainly doesn't rise to the level of prejudice required to prohibit [plaintiff] from amending their complaint."

Finally, Schlage will not even be subject to any amount of delay. Trial in this case is not scheduled until February 16, 2016, over seven months from now.

---

[7] Although damages expert depositions have already taken place, they did so only at Schlage's insistence. (Gupta Decl., Ex. B). In any event, OSS does not foresee a need to re-depose the parties' damages experts after the supplemental technical expert reports are served.

There is more than an adequate amount of time for parties to serve supplemental expert reports and complete expert depositions. As OSS is simply advancing the same theories of infringement that it has set forth since the early stages of this case, none of the parties' discovery efforts to date will be squandered. Granting OSS leave to serve a supplemental expert report addressing the recently produced core technical documents will not prejudice Schlage in any manner.

## V. CONCLUSIONS

For the foregoing reasons, OSS respectfully requests the Court grant OSS leave to file a supplemental expert report addressing evidence supporting its infringement claims for certain accused products.

DATED: August 14, 2015

*Mishcon de Reya New York LLP*

By: *_/s/ John F. Petrsoric_*
John F. Petrsoric

NEWPORT TRIAL GROUP
Tyler J. Woods

Attorneys for Plaintiff
O.S. SECURITY LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2015, the foregoing document was filed electronically via the Court's Electronic Case Filing System (ECF). Notice of the filing is being served upon all counsel of record automatically through Notice of Electronic Filing.

*/s/ John F. Petrsoric*
John F. Petrsoric